UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DIANE AMRHEIN and GERALD AMRHEIN,**

Plaintiffs,

-vs-  Case No. 07-C-346

**UNICARE LIFE AND HEALTH INSURANCE COMPANY,**

Defendant.

---

## DECISION AND ORDER

---

The plaintiffs, Diane Amrhein and Gerald Amrhein (the "Amrheins"), originally brought this action in Milwaukee County Circuit Court. The Amrheins alleged state law claims for breach of contract, bad faith, and intentional infliction of emotional distress after their insurance provider, Unicare Life and Health Insurance Company ("Unicare"), refused to provide coverage for fertility treatments. Unicare removed to this Court and now moves for judgment on the pleadings. The Amrheins did not respond to Unicare's motion.

Fed. R. Civ. P. 12(c) allows parties to move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim (Fed. R. Civ. P. 12(b)(6)). *See Northern Indiana Gun & OutdoorShows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The complaint must only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, the Amhrein's complaint must contain factual allegations which are "enough to raise

a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S. Ct. 1955, 1965 (2007).

Unicare removed this case to federal court because the Amhreins' state law claims relate to an employee welfare benefit plan that is governed by the Employment Retirement Income Security Act ("ERISA"). To qualify as a welfare benefit plan governed by ERISA, a group health plan must constitute: (1) a plan, fund or program; (2) established or maintained; (3) by an employer or by an employee organization, or both; (4) for the purpose of providing medical surgical, hospital care . . . or severance benefits; (5) to participants or their beneficiaries. *See Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000). All of these elements are met in the instant case. *See* Docket No. 1, Complaint, ¶ 5; Docket No. 14, Affidavit of Thomas Marren, Exhibit A, pp. 2, 75.[1] The plan that the Amhreins participated in is governed by ERISA.

Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefits plan." The Amhreins' state law causes of actions fall under this broad proscription and are completely preempted. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987) (common law causes of action "based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for preemption under § 514(a)"); *Borisch v. Treat All Metals, Inc.*, 21 F. Supp. 2d 890, 894 (E.D.

---

[1]Reference to the Summary Plan Description ("SPD") does not convert Unicare's motion into a motion for summary judgment. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim").

-2-

Wis. 1998) ("The breadth of [ERISA's preemption provision] . . . preempts any effort to use state law, including state common law, to obtain benefits under an ERISA plan").

Finally, even if the Amhreins' claims could be re-cast as ERISA claims, the Amhreins sued the wrong party. Unicare is a benefits provider that provides benefits to individuals who participate in a group benefit plan. Under ERISA, the Amhreins' only claim lies against the plan as an entity, not the insurance provider. *See Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2001) ("We continually have noted that ERISA permits suits to recover benefits only against the Plan as an entity").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Unicare's motion for judgment on the pleadings [Docket No. 9] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**